IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Merrill Nanton, IV, <br>           Plaintiff <br> v. <br><br> ER Solutions, Inc., <br>           Defendant | 3:11-cv-02070-EMK <br><br> (JUDGE EDWIN M. KOSIK) <br><br> FILED ELECTRONICALLY |

**AMENDED COMPLAINT**

**I. Introduction**

1.    Defendant removed this action from state court and thereafter advised Plaintiff's counsel that it does not believe that the complaint contains sufficient detail to satisfy the Federal Rules of Civil Procedure. Plaintiff files this amended complaint to address some of Defendant's concerns.

2.    This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, unfair, and deceptive practices. Plaintiff also seeks damages for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), as Defendant placed multiple calls to Plaintiff on a number assigned to a cellular telephone service.

## II. Jurisdiction

3. Jurisdiction of this Court over the FDCPA claim is proper pursuant to 15 U.S.C. § 1692k(d), which permits an action under the FDCPA to be brought in any court of competent jurisdiction. This Court also has supplemental jurisdiction over the TCPA claim pursuant to 28 U.S.C. § 1367(a).

4. Venue in this district is proper in that Defendant transacts business here and the conduct complained of is alleged to have occurred here.

## III. Parties

5. Plaintiff, Merrill Nanton, IV, is an individual and is a "person" as defined by 47 U.S.C. § 153(39).

6. Defendant, ER Solutions, Inc., ("the Collector") is a corporation engaged in the business of collecting debts in this state with a place of business located at 800 SW 39th Street, Renton, WA 98057. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) and is a "person" as defined by 47 U.S.C. § 153(39).

## IV. Statement of Claim

7. Within the last year, the Collector began attempting to collect an alleged account ("the Account") from Plaintiff.

8. The Account is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5). While attempting to collect the Account, Defendant alleged

that Plaintiff had an obligation to pay money as a result of a transaction between the Plaintiff and Sprint. Plaintiff had a contract with Sprint whereby Sprint provided wireless telephone services to Plaintiff. Plaintiff, who has never had a business of any kind, used the services primarily for personal purposes. Defendant alleged that Plaintiff owed Sprint with respect to a past due balance on the Account.

9. Plaintiff does not owe the Account. He canceled his subscription with Sprint in a timely manner and does not owe the charges that the Defendant is trying to collect. In fact, the Account is the only negative entry that appears on Plaintiff's credit report. Nevertheless, even though Plaintiff does not actually owe the debt, the Account still constitutes a "debt" under the FDCPA as the FDCPA defines the term "debt" as meaning "any obligation or *alleged obligation* of a consumer to pay money. . . ." 15 U.S.C. § 1692a(5).

10. The collector regularly uses the telephone to attempt to collect consumer debts alleged to be due another.

11. Within one year before the filing of the complaint, Defendant disclosed to a third party that Plaintiff owed a debt. Defendant made this disclosure to Plaintiff's grandfather when Defendant left messages for Plaintiff on his grandfather's answering machine. Though Plaintiff does not remember the exact date that the messages were left, he does remember that they were

3

left during the 2010 holiday season, and that they were definitely left more than one year before the initiation of this lawsuit.

12. Within the last year, the Collector caused numerous telephone calls to be placed to phone number (570) 706-1242. Though Plaintiff does not remember the exact number of calls, nor the exact dates on which all of the calls were left, he does know that some calls were placed on June 16, 2011, June 23, 2011 (two calls), June 27, 2011, June 30, 2011, July 5, 2011, July 7, 2011, and July 11, 2011. He also remembers receiving a higher frequency of calls from the Collector before June 16, 2011.

13. These calls were placed repeatedly and continuously with the intent to harass, annoy and abuse Plaintiff.

14. Plaintiff has had this phone number for multiple years, and has only used this number as a cellular telephone number. Plaintiff does not believe that this phone number was ever ported from a wireline service.

15. At all relevant times, this phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

*Count 1 – Violation of the FDCPA*

16. Plaintiff incorporates by reference the foregoing paragraphs.

17. Defendant violated the FDCPA, 15 U.S.C. § 1692c(b), which

restricts communication with third parties.

18. Defendant violated the FDCPA, 15 U.S.C. § 1692d(5), which prohibits the conduct alleged in ¶ 13.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, costs, attorney's fees, and such other and further relief as the Court deems just and proper.

*Count 2 – Violation of the TCPA*

19. Plaintiff incorporates by reference the foregoing paragraphs.

20. Defendant called Plaintiff's cell phone number an unknown number of times. The calls made to Plaintiff's cell phone were made using either an artificial or prerecorded voice.

21. The calls made to Plaintiff's cell phone were made using an automatic telephone dialing system, as that term is defined in 47 U.S.C. § 227(a)(1). The factual allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

22. These telephone calls were not made for "emergency purposes", as defined in 47 C.F.R. § 64.1200.

23. These telephone calls were not made with the Plaintiff's prior express consent. The factual allegations in this paragraph are likely to have

evidentiary support after a reasonable opportunity for further investigation and discovery.

24. Defendant unfairly, unlawfully, intentionally and deceptively violated the TCPA.

25. As a result of Defendant's conduct, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every call made by Defendant to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff demands judgment against Defendant for damages and such other and further relief as the court deems just and proper.

*Count 3 – Willful Violation of the TCPA*

26. Plaintiff incorporates by reference the foregoing paragraphs.

27. Plaintiff is entitled to increased damages, as these calls were made willfully and/or knowingly. The factual allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

28. For each willful violation of the TCPA, the court may, in its discretion, increase the amount of the award to an amount equal to, but no more than, $1,500.00 per call.

WHEREFORE, Plaintiff demands judgment against Defendant for damages and such other and further relief as the court deems just and proper.

*Count 4 – Injunctive Relief*

29.	Plaintiff incorporates by reference the foregoing paragraphs.

30.	Plaintiff is entitled to injunctive relief to prohibit such further conduct from Defendant that would otherwise violate the TCPA.

31.	Plaintiff requests that the Court permanently enjoin Defendant from making calls to cell phones using an artificial voice, a prerecorded voice, or an automatic telephone dialing system, as that term is defined in 47 U.S.C. § 227(a)(1), unless they are made for emergency purposes or the recipient gave prior express consent to receive such calls.

WHEREFORE, Plaintiff demands judgment against Defendant for injunctive relief and such other and further relief as the court deems just and proper.

**V. Demand for Jury Trial**

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully Submitted,

s/ Carlo Sabatini

Carlo Sabatini  
Bar Number 83813  
Attorney for Plaintiff  
Sabatini Law Firm, LLC  
216 N. Blakely St.  
Dunmore, PA  18512  
Phone (570) 341-9000  
Facsimile (570) 504-2769  
Email ecf@bankruptcypa.com